AKIN GUMP STRAUSS HAUER & FELD LLP
One Bryant Park
New York, New York 10036
(212) 872-1000 (Telephone)
(212) 872-1002 (Facsimile)
Ira S. Dizengoff
Arik Preis
Ashleigh L. Blaylock

*Proposed Counsel to the Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| TERRESTAR NEW YORK INC., | ) | Case No. 10-_____ |
| Debtor, | ) | |
| In re: | ) | Chapter 11 |
| TERRESTAR NETWORKS INC., | ) | Case No. 10-_____ |
| Debtor, | ) | |
| In re: | ) | Chapter 11 |
| MOTIENT COMMUNICATIONS INC., | ) | Case No. 10-_____ |
| Debtor, | ) | |
| In re: | ) | Chapter 11 |
| MOTIENT HOLDINGS INC., | ) | Case No. 10-_____ |
| Debtor, | ) | |

| | |
|---|---|
| In re: ) | |
| ) | Chapter 11 |
| MOTIENT LICENSE INC., ) | |
| ) | Case No. 10-_____ |
| Debtor, ) | |
| ) | |
| ) | |
| In re: ) | |
| ) | Chapter 11 |
| MOTIENT SERVICES INC., ) | |
| ) | Case No. 10-_____ |
| Debtor, ) | |
| ) | |
| ) | |
| In re: ) | |
| ) | Chapter 11 |
| MOTIENT VENTURES HOLDING INC., ) | |
| ) | Case No. 10-_____ |
| Debtor, ) | |
| ) | |
| ) | |
| In re: ) | |
| ) | Chapter 11 |
| MVH HOLDINGS INC., ) | |
| ) | Case No. 10-_____ |
| Debtor, ) | |
| ) | |
| In re: ) | |
| ) | Chapter 11 |
| TERRESTAR LICENSE INC., ) | |
| ) | Case No. 10-_____ |
| Debtor, ) | |
| ) | |
| In re: ) | |
| ) | Chapter 11 |
| TERRESTAR NATIONAL SERVICES INC., ) | |
| ) | Case No. 10-_____ |
| Debtor, ) | |
| ) | |

| | ) | |
|---|---|---|
| In re: | ) | |
| | ) | |
| TERRESTAR NETWORKS (CANADA) INC., | ) | Chapter 11 |
| | ) | |
| Debtor, | ) | Case No. 10-_____ |
| | ) | |
| In re: | ) | |
| | ) | |
| TERRESTAR NETWORKS HOLDINGS (CANADA) INC., | ) | Chapter 11 |
| | ) | |
| Debtor, | ) | Case No. 10-_____ |
| | ) | |
| In re: | ) | |
| | ) | |
| 0887729 B.C. LTD., | ) | Chapter 11 |
| | ) | |
| Debtor. | ) | Case No. 10-_____ |

**DEBTORS' MOTION FOR ENTRY OF AN ORDER DIRECTING
JOINT ADMINISTRATION OF RELATED CHAPTER 11 CASES**

The above-captioned debtors and debtors in possession (collectively, the "*Debtors*") seek entry of an order, substantially in the form attached hereto as Exhibit A, directing joint administration of their related chapter 11 cases. In support of this motion, the Debtors submit the Declaration of Jeffrey W. Epstein, Chief Executive Officer of TerreStar Networks Inc., in Support of First Day Pleadings (the "*First Day Declaration*"). In further support of this motion, the Debtors respectfully state as follows:

## Jurisdiction

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2. Venue in this Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The bases for the relief requested herein are section 101(2) of title 11 of the United States Code (the "**Bankruptcy Code**") and Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

## Background

4. On October 19, 2010 (the "**Petition Date**"), each of the Debtors filed a petition with this Court under chapter 11 of the Bankruptcy Code. The Debtors are operating their business and managing their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request for the appointment of a trustee or examiner has been made in these chapter 11 cases and no statutory committees have been appointed or designated.

5. A description of the Debtors' business, the reasons for filing these chapter 11 cases and the relief sought from this Court to allow for a smooth transition into operations under chapter 11 is set forth in the First Day Declaration, which is being filed contemporaneously with this motion.

## Relief Requested

6. By this motion, the Debtors seek entry of an order directing joint administration of these chapter 11 cases. Specifically, the Debtors request that a docket entry, substantially similar to the following, be entered on the docket of each of the Debtors other than TerreStar

Networks Inc. ("*TSN*"), which is the principal operating Debtor entity, to reflect the joint administration of these chapter 11 cases:

> An order has been entered in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure directing the procedural consolidation and joint administration of the chapter 11 cases of Motient Communications Inc.; Motient Holdings Inc.; Motient License Inc.; Motient Services Inc.; Motient Ventures Holding Inc.; MVH Holdings Inc.; TerreStar License Inc.; TerreStar National Services Inc.; TerreStar Networks Holdings (Canada) Inc.; TerreStar Networks (Canada) Inc.; TerreStar New York Inc; and 0887729 B.C. Ltd. All further pleadings and other papers shall be filed in, and all further docket entries shall be made in, Case No. 10-[_____.]

7. The Debtors also request that the Court maintain one file and one docket for all of the jointly-administered cases under the case number of TSN and that the cases be administered under a consolidated caption, as follows:

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| TERRESTAR NETWORKS INC., *et al.*, [1] | ) | Case No. 10-_____ ( ) |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |
| | ) | |

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal taxpayer identification number, are: TerreStar New York Inc. (6394); TerreStar Networks Inc. (3931); Motient Communications Inc. (3833); Motient Holdings Inc. (6634); Motient License Inc. (2431); Motient Services Inc. (5106); Motient Ventures Holding Inc. (6191); MVH Holdings Inc. (9756); TerreStar License Inc. (6537); TerreStar National Services Inc. (6319); TerreStar Networks Holdings (Canada) Inc. (1337); TerreStar Networks (Canada) Inc. (8766); and 0887729 B.C. Ltd. (1345).

5

8.      The Debtors, with the assistance of their proposed claims and noticing agent, The Garden City Group, Inc. ("**GCG**") seek permission to maintain one service list which will be regularly updated and filed with the Court.

9.      The Debtors will file a consolidated monthly operating report, but intend to track and break out disbursements on a debtor-by-debtor basis and, accordingly, will pay any fees due to the United States Trustee for the Southern District of New York (the "***U.S. Trustee***") on a debtor-by-debtor basis.

## Supporting Authority

10.     As set forth in the First Day Declaration, the Debtors in these chapter 11 cases include TSN and twelve other Debtors. Each Debtor is an "affiliate" of TSN, as that term is defined in section 101(2) of the Bankruptcy Code.

11.     Rule 1015(b) of the Bankruptcy Rules provides, in pertinent part, that "[i]f . . . two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order a joint administration of the estates." Fed. R. Bankr. P. 1015(b). As set forth above in the First Day Declaration, three of the Debtors -TerreStar New York Inc.; Motient Holdings Inc. ("***Motient***"); and MVH Holdings Inc. ("***MVH***") are wholly owned subsidiaries of TerreStar Corporation, a non-Debtor, which is the ultimate parent of each of the Debtors. Motient holds 100% of the interests in both Motient Services Inc. and Motient Communications Inc., each a Delaware corporation. Motient Communications Inc. in turn holds 100% of the interests in Motient License Inc., another Delaware corporation.

12.     MVH directly holds 100% of the interests in Motient Ventures Holdings Inc., which in turn holds approximately 89.3% of TSN. TSN wholly owns TerreStar National

Services Inc., TerreStar License Inc., and 0887729 B.C. Ltd. Additionally, TSN holds 33.3% and 20% direct interests in two other Canadian entities, TerreStar Networks Holdings (Canada) Inc. and TerreStar Networks (Canada) Inc., respectively.[2] Accordingly, each of the Debtors is an "affiliate" within the meaning of the Bankruptcy Code, and this Court is authorized to grant the relief requested herein.

13. Joint administration of these chapter 11 cases will provide significant administrative convenience without harming the substantive rights of any party in interest. Many of the motions, hearings and orders that will arise in these chapter 11 cases will affect each and every Debtor. Thus, the entry of an order directing joint administration of these cases will reduce fees and costs by, for example, avoiding duplicative filings and objections. Joint administration also will allow all parties in interest to monitor these cases with greater ease. Furthermore, joint administration will relieve the Court of the burden of entering duplicative orders and maintaining duplicative files for each of the Debtors and will simplify administrative supervision of these cases by the Office of the U.S. Trustee.

14. The joint administration of these chapter 11 cases will not give rise to any conflict of interest among the Debtors' estates, nor will joint administration adversely affect the Debtors' respective creditors because the Debtors seek only administrative, not substantive, consolidation of their estates. Intercompany claims among the Debtors also will be preserved and each of the Debtors will maintain separate records of assets and liabilities. Thus, the relief requested will

---

[2] By virtue of its 33.3% ownership interest in TerreStar Networks Holdings (Canada) Inc., TSN has an aggregate direct and indirect ownership interest in TerreStar Networks (Canada) Inc. of 46.67%.

7

not harm individual creditors' rights; to the contrary, non-Debtor parties in interest will benefit from the cost reductions associated with the joint administration of these cases.

15. Courts in this district regularly grant relief similar to that requested herein; indeed, the entry of joint administration orders is common and generally uncontroversial in large chapter 11 cases in this district. *See, e.g.*, *In re Uno Restaurant Holdings Corp.,* No. 10-10209 (Bankr. S.D.N.Y. January 20, 2010); *In re ION Media Networks, Inc.,* No. 09-13125 (Bankr. S.D.N.Y. May 21, 2009); *In re DBSD North America Inc.,* No. 09-13061 (Bankr. S.D.N.Y. May 21, 2009); *In re Chemtura Corp.,* No. 09-11233 (Bankr. S.D.N.Y. March 19, 2009).

16. For all of the foregoing reasons, the Debtors respectfully request the immediate entry of an order providing for the joint administration of the Debtors' chapter 11 cases.

## Motion Practice

17. This motion includes citations to the applicable rules and statutory authorities upon which the relief requested herein is predicated and a discussion of their application to this motion. Accordingly, the Debtors submit that this motion satisfies Rule 9013-1(a) of the Local Bankruptcy Rules for the Southern District of New York.

## Notice

18. The Debtors have provided notice of this Motion to: (a) the Office of the United States Trustee for the Southern District of New York; (b) the entities listed on the Consolidated List of Creditors Holding the 30 Largest Unsecured Claims filed pursuant to Bankruptcy Rule 1007(d); (c) The Bank of New York Mellon as agent for the Debtors' proposed postpetition debtor-in-possession financing; (d) Emmet, Marvin & Martin LLP as counsel to the agent for the Debtors' proposed postpetition debtor-in-possession financing; (e) U.S. Bank National

Association as Collateral Agent for the Debtors' purchase money credit facility and Harbinger Capital Partners Master Fund I, Ltd., Harbinger Capital Partners Special Situations Fund, L.P. and EchoStar Corporation as Lenders thereunder; (f) Weil, Gotshal & Manges LLP as counsel to Harbinger Capital Partners Master Fund I, Ltd. and Harbinger Capital Partners Special Situations Fund, L.P. in their capacity as Lenders under the Debtors' purchase money credit facility; (g) Willkie Farr & Gallagher LLP as counsel to EchoStar Corporation in its capacity as Lender under the Debtors' purchase money credit facility and Initial Lender under the Debtors' proposed postpetition debtor-in-possession financing; (h) U.S. Bank National Association as Indenture Trustee for the Debtors' 15% Senior Secured Notes; (i) U.S. Bank National Association as Indenture Trustee for the Debtors' 6.5% Senior Exchangeable Notes; (j) Quinn Emanuel Urquhart & Sullivan, LLP as counsel to an *Ad Hoc* group of the Debtors' 6.5% Senior Exchangeable Notes; (k) the Internal Revenue Service; (l) the Securities and Exchange Commission; (m) the United States Attorney for the Southern District of New York; and (n) the Federal Communications Commission. In light of the nature of the relief requested, the Debtors respectfully submit that no further notice is necessary.

WHEREFORE, for the reasons set forth herein, the Debtors respectfully request that the Court (a) enter an order, substantially in the form attached hereto as <u>Exhibit A</u>, directing joint administration of these chapter 11 cases, and (b) grant such other further relief as is just and proper.

New York, New York
Dated: October 19, 2010

/s/ *Ira S. Dizengoff*
AKIN GUMP STRAUSS HAUER & FELD LLP
One Bryant Park
New York, New York 10036
(212) 872-1000 (Telephone)
(212) 872-1002 (Facsimile)

Ira S. Dizengoff
Arik Preis
Ashleigh L. Blaylock

*Proposed Counsel to the Debtors and Debtors in Possession*

**EXHIBIT A**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) ) ) | Chapter 11 |
| TERRESTAR NEW YORK INC., | ) ) | Case No. 10-_____ |
| Debtor, | ) ) ) | |
| In re: | ) ) ) | Chapter 11 |
| TERRESTAR NETWORKS INC., | ) ) | Case No. 10-_____ |
| Debtor, | ) ) ) | |
| In re: | ) ) ) | Chapter 11 |
| MOTIENT COMMUNICATIONS INC., | ) ) | Case No. 10-_____ |
| Debtor, | ) ) ) | |
| In re: | ) ) ) | Chapter 11 |
| MOTIENT HOLDINGS INC., | ) ) | Case No. 10-_____ |
| Debtor, | ) ) ) | |
| In re: | ) ) ) | Chapter 11 |
| MOTIENT LICENSE INC., | ) ) | Case No. 10-_____ |
| Debtor, | ) ) ) | |

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| MOTIENT SERVICES INC., | ) | Case No. 10-_____ |
| | ) | |
| Debtor, | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| MOTIENT VENTURES HOLDING INC., | ) | Case No. 10-_____ |
| | ) | |
| Debtor, | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| MVH HOLDINGS INC., | ) | Case No. 10-_____ |
| | ) | |
| Debtor, | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| TERRESTAR LICENSE INC., | ) | Case No. 10-_____ |
| | ) | |
| Debtor, | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| TERRESTAR NATIONAL SERVICES INC., | ) | Case No. 10-_____ |
| | ) | |
| Debtor, | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| TERRESTAR NETWORKS (CANADA) INC., | ) | Case No. 10-_____ |
| | ) | |
| Debtor, | ) | |
| | ) | |

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| TERRESTAR NETWORKS HOLDINGS (CANADA) INC., | ) ) ) ) | Case No. 10-_____ |
| Debtor, | ) ) ) |  |
| In re: | ) ) ) | Chapter 11 |
| 0887729 B.C. LTD., | ) ) ) | Case No. 10-_____ |
| Debtor. | ) ) ) |  |

**<u>ORDER DIRECTING JOINT ADMINISTRATION OF RELATED CHAPTER 11 CASES</u>**

Upon the motion (the "*Motion*")[1] of the above-captioned debtors (collectively, the "*Debtors*") for entry of an order directing joint administration of the Debtors' related chapter 11 cases; and upon the First Day Declaration; and it appearing that the relief requested is in the best interests of the Debtors' estates, their creditors and other parties in interest; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue appearing proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and notice of the Motion appearing to be adequate and appropriate under the circumstances; and any objections to the requested relief having been withdrawn or overruled on the merits; and after due deliberation and sufficient cause appearing therefor, it is hereby ORDERED that:

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Motion.

1. The Motion is granted as set forth herein.

2. The above-captioned chapter 11 cases are consolidated for procedural purposes only and shall be jointly administered by this Court under Case No. 10-[_____], the case number for TerreStar Networks Inc.

3. The caption of the jointly administered cases shall read as follows:

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re: | ) Chapter 11 |
| TERRESTAR NETWORKS INC., *et al.*,[1] | ) Case No. 10-_____ ( ) |
| Debtors. | ) Jointly Administered |

4. A docket entry shall be made in each of the above-captioned cases substantially as follows:

> An order has been entered in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure directing the procedural consolidation and joint administration of the chapter 11 cases of Motient Communications Inc.; Motient Holdings Inc.; Motient License Inc.; Motient Services Inc.; Motient Ventures Holding Inc.; MVH Holdings Inc.; TerreStar License Inc.; TerreStar National Services Inc.; TerreStar Networks Holdings (Canada) Inc.; TerreStar Networks (Canada) Inc.; TerreStar New York Inc; and 0887729 B.C. Ltd. All further pleadings and other papers shall be filed in, and all further docket entries shall be made in, Case No. 10-[_____.]

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal taxpayer identification number, are: TerreStar New York Inc. (6394); TerreStar Networks Inc. (3931); Motient Communications Inc. (3833); Motient Holdings Inc. (6634); Motient License Inc. (2431); Motient Services Inc. (5106); Motient Ventures Holding Inc. (6191); MVH Holdings Inc. (9756); TerreStar License Inc. (6537); TerreStar National Services Inc. (6319); TerreStar Networks Holdings (Canada) Inc. (1337); TerreStar Networks (Canada) Inc. (8766); and 0887729 B.C. Ltd. (1345).

5. One consolidated docket, one file and one consolidated service list shall be maintained by the Debtors and/or GCG, updated and filed with the court and kept by the Clerk of the United States Bankruptcy Court for the Southern District of New York.

6. The Debtors shall file a consolidated monthly operating report, but shall track and break out disbursements on a debtor-by-debtor basis and, accordingly, shall pay any fees due to the United States Trustee for the Southern District of New York on a debtor-by-debtor basis.

7. Nothing contained in the Motion or this Order shall be deemed or construed as directing or otherwise effecting a substantive consolidation of the Debtors' chapter 11 cases.

8. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

9. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

New York, New York
Date: _____, 2010

United States Bankruptcy Judge